**B9I (Official Form 9I)** (Chapter 13 Case)(12/12)     Case Number **13−81118**

# UNITED STATES BANKRUPTCY COURT
Central District of Illinois

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines
The debtor(s) listed below filed a chapter 13 bankruptcy case on 5/31/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors −− Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| Westley J Railey<br>5 Kenmore Ct.<br>Pekin, IL 61554 | Vanessa A Railey<br>5 Kenmore Ct.<br>Pekin, IL 61554 |
| Case Number:<br>13−81118 | Social Security/Individual Taxpayer ID/Employer Tax ID/Other Nos.:<br>xxx−xx−2961<br>xxx−xx−0904 |
| Attorney for Debtor(s) (name and address):<br>Wilmer Edgar Weer<br>410 Elizabeth St<br>Pekin, IL 61554<br>Telephone number: (309) 347−0700 | Bankruptcy Trustee (name and address):<br>Michael D Clark<br>401 Main St. #940<br>Peoria, IL 61602<br>Telephone number: 309−674−6137 |

### Meeting of Creditors
Date: **July 11, 2013**     Time: **09:30 AM**

Location: **Becker Building, Room 1105, 401 Main St, Peoria, IL 61602**

*DEBTOR IDENTIFICATION REQUIRED AT §341 MEETING.* All debtors must bring two forms of identification: (1) a government issued photo I.D. (e.g. driver's license, passport); and (2) proof of debtor's social security number. A driver's license does NOT qualify as proof of social security number. Cellular telephones are strictly prohibited and cannot be brought inside the building.

### Deadlines:
Filings must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**    Go to www.ilcb.uscourts.gov for mandatory electronic filing policy

For all creditors (except a governmental unit): **10/9/13**    For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)): **180 days after order for relief entered**

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 9/9/13**

**Deadline to Object to Exemptions:** Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan
The debtor has filed a Chapter 13 Plan which is enclosed. **Objections to confirmation MUST be filed within 20 days after the date the Meeting of Creditors is conducted.** If no objections to confirmation are timely filed, the Court may enter an order confirming the Plan under the terms set forth in the Plan or as modified by agreement of the parties. The filing of a proof of claim does not constitute an objection to confirmation and will not prevent a creditor's claim from being modified pursuant to the terms set forth in the Chapter 13 Plan. In the event objections to confirmation are timely filed, a hearing will be scheduled by the Court on confirmation and any timely filed objections.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>216 Federal Building<br>100 N.E. Monroe St.<br>Peoria, IL 61602−1003 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Khadijia V. Thomas |
| Date: 5/31/13 | |

# EXPLANATIONS

B9I(Official Form 9I)(12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B10") can be obtained at the United States Courts Website: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br>*Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code §1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | You may inspect all filings, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office at the address listed on the front side of this notice. Go to ***www.ilcb.uscourts.gov*** for general court information, including this court's ***mandatory*** electronic filing policy. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

–– Refer to Other Side for Important Deadlines and Notices ––